# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BDJ INVESTMENTS, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, Respondent. | No. 76481 FILED<br><br>SEP 1 2 2019<br><br>ELIZABETH A BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's agent (Miles Bauer) tendered $594 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). Although appellant

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38104

contends there is insufficient evidence that the check was actually delivered to NAS, we disagree. Paterno Jurani attested under penalty of perjury that he sent the check contained in the record to NAS, and appellant did not produce contrary evidence. *Cf. Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation marks omitted)); NRS 47.250(13) (providing a disputable presumption that a mailing was received). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21.

Appellant contends that the tender was ineffective because it imposed conditions, but we recently rejected a similar argument. *Id.* at 118. We are not persuaded by appellant's argument that Miles Bauer's letter accompanying the check conditioned acceptance of the tender upon the HOA waiving its right to nuisance and abatement charges. *Cf. id.* at 117 (recognizing that such charges, if incurred, are also afforded superpriority status). To the contrary, Miles Bauer's letter referred to "the facts stated herein," which pertained to the underlying foreclosure proceeding. Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future. *Cf. Property Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (observing that an

HOA must restart the foreclosure process to enforce a second superpriority default).

Finally, appellant contends that the district court erroneously determined that appellant took title to the property subject to respondent's deed of trust rather than declaring the sale void. We disagree, as the district court's determination is consistent with *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 121 (recognizing that the legal effect of a superpriority tender is that the HOA sale purchaser takes title subject to the first deed of trust).[2] To the extent appellant wanted the sale to be invalidated, appellant did not seek that relief in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (observing that arguments raised for the first time on appeal are waived). For the same reason, we decline to consider appellant's arguments that (1) Mr. Jurani's affidavit and accompanying documents were inadmissible hearsay, (2) Mr. Jurani's use of "sent" in his affidavit creates a question of material fact regarding whether NAS received the tender, and (3) Miles Bauer's letter contained an inaccurate statement of what constitutes the superpriority portion of the HOA's lien. We also decline to address appellant's argument that NAS had a good-faith basis for rejecting the tender. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (arguments raised for the first time in a reply brief need not be considered).

---

[2]We clarify that the district court did not grant respondent equitable relief. Rather, it correctly determined that appellant took title to the property subject to respondent's deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 121.

In sum, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.            _____, Sr. J.
Stiglich                         Douglas

cc:     Hon. Gloria Sturman, District Judge
        Ghidotti Berger/Las Vegas
        Wright, Finlay & Zak, LLP/Las Vegas
        Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A